# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kristina A.,[1] | Case No. 2:21-cv-01992-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 20 & 21** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Kristina A.'s application for disability insurance benefits under Title II of the Social Security Act. On November 1, 2021, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned for an order under 28 U.S.C. § 636(c). *See* ECF No. 3. The Court reviewed Plaintiff's motion for reversal and/or remand (ECF No. 20), the Commissioner's cross-motion to affirm and response (ECF Nos. 21, 22), and Plaintiff's reply (ECF No. 23). For the reasons discussed below, the Court finds that the ALJ failed to support her decision to discredit Plaintiff's subjective symptom testimony with specific, clear, and convincing reasons and, as a result, it remands for further proceedings.

//
//
//
//
//
//

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

## I. Background

### 1. Procedural History

On July 5, 2018,[2] Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of June 1, 2016. ECF No. 18-1[3] at 208–14. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 124–28; 130–35.

A telephonic hearing was held before Administrative Law Judge ("ALJ") Cynthia R. Hoover on November 30, 2020. *Id*. at 59–88. On January 7, 2021, ALJ Hoover issued a decision finding that Plaintiff was not disabled. *Id*. at 40–52. On September 23, 2021, the Appeals Council denied review. *Id*. at 12–17. On November 1, 2021, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* IFP App. (ECF No. 1).

## II. Discussion

### 1. Standard of Review

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*,

---

[2] The Administrative Law Judge's decision identifies July 3, 2018 as date that Plaintiff applied for disability insurance benefits. ECF No. 18-1 at 43.
[3] ECF No. 18 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 18)). All citations to the Administrative Record will use the CM/ECF page numbers.

278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2.  Disability Evaluation Process and the ALJ Decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id*. § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the

individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 18-1 at 45–52.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2016, the alleged onset date. *Id*. at 45.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease in the lumbar and cervical spine; hearing loss; obesity; and vertigo. *Id.* at 46.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 47.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform less than "light work" with the following limitations: She can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally climb ramps and stairs; occasionally crawl; and frequently balance, stoop, kneel, or crouch. *Id*. at 47–50. The ALJ also limited Plaintiff to never climbing ladders, ropes, or scaffolds and avoiding concentrated exposure to heat, loud noise, vibration, and hazards such as dangerous moving machinery and unprotected heights. *Id.* Finally, the ALJ found that Plaintiff should work in an environment with moderate noise only. *Id.*

At step four, the ALJ found that Plaintiff can perform past relevant work as a cashier's supervisor.[4] *Id*. at 50. The ALJ then concluded that Plaintiff was not under a disability at any time since June 1, 2016. *Id*. at 52.

3.   **Analysis**

A.   **Whether the ALJ provided specific, clear, and convincing reasons to discount Plaintiff's pain and symptom testimony**

The parties dispute whether the ALJ provided specific, clear, and convincing reasons in discounting Plaintiff's subjective symptom testimony. *Compare* ECF No. 20 at 9–12 *with* ECF No. 21 at 12–19.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical

---

[4] The ALJ also found, in the alternative, that Plaintiff could perform jobs that exist in significant numbers in the national economy, namely as collator operator, furniture rental consultant, and ticket seller. ECF No. 18-1 at 50–52.

evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. ECF No. 18-1 at 48. However, the ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* The ALJ cited to a few reasons, including Plaintiff's activities of daily living and inconsistencies with the objective medical record, to discount her symptom testimony. *Id.* The Court will address each in turn.

### 1. Activities of daily living

The ALJ discounted Plaintiff's pain and symptom testimony because of Plaintiff's activities of daily living:

> Furthermore, while she alleged disabling limitations, she also had the ability to care for her daughter including cooking and driving (4E/02). She also took care of her pets, which included grooming and walking them. She was capable of laundry, doing dishes and light cleaning as well as harder chores, though it took her longer to do them (*Id*. at 03).

ECF No. 18-1 at 48.

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim*, 763 F.3d at 1165 (citations omitted). Here, however, the ALJ merely provided vague assertions that Plaintiff's allegations were inconsistent with her activities of daily living. For example, the ALJ failed to identify which of Plaintiff's activities of daily living conflicted with which aspects of her pain and symptom testimony or how Plaintiff's daily activities were inconsistent with her symptom testimony. *See id.* at 1163 (internal quotation marks and citation omitted) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

The Commissioner is correct in arguing that "an ALJ is *not required* 'to perform a line-by-line exegesis of the claimant's testimony' and '[t]he ALJ's findings will be upheld 'if supported by inferences reasonably drawn from the record . . . .'" ECF No. 21 at 13 (emphasis in original) (citations omitted). But, here, the Court cannot determine whether the ALJ's findings can be supported by inferences reasonably drawn from the record because, as noted above, the ALJ failed to describe *how* or *why* Plaintiff's modest daily activities undermined her subjective complaints. *See Thomas*, 278 F.3d at 958 ("If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.") (citation omitted). Put another way, the ALJ did not identify what parts of Plaintiff's testimony were not credible and why.[5] Rather, she only generally implied

---

[5] The Commissioner seeks to fill in the gaps and provide certain explanations (e.g., reasoning that Plaintiff's ability to do chores like washing dishes is inconsistent with Plaintiff's claim that "she cannot do repetitive work with her hands and she would drop things." ECF No. 21 at 15–16. However, the Commissioner is aware that the Court is bound to affirm an ALJ's decision based only on a ground the ALJ invoked. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

that Plaintiff's alleged disabling limitations were inconsistent with her daily activities. *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citation omitted). Notably, the ALJ also failed to note that Plaintiff qualified her ability to perform daily activities, testifying, for example, that while she can drive and has a driver's license, her husband "mostly drives" her around because of issues related to her hearing.[6] ECF No. 18-1 at 67.

Activities of daily living "may also be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of h[er] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks and citation omitted). However, there is no indication here that the limited activities Plaintiff engaged in comprised a "substantial" portion of her day or were "transferrable" to a work environment. *See Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996) (recognizing that "many home activities may not be easily transferrable to a work environment"). This is because the ALJ failed to draw a connection between Plaintiff's reported activities of daily living, which included light chores and driving, and the ability to sustain work. The Ninth Circuit has made clear that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Because the ALJ only generally noted that Plaintiff's reported daily activities are inconsistent with her disabling limitations, the Court finds that the ALJ failed to provide a sufficient basis to find Plaintiff's allegations not entirely credible.

### 2. Plaintiff's medical improvement

It appears that the ALJ also discounted Plaintiff's symptom testimony because of improvements she experienced with her hearing loss and vertigo. ECF No. 18-1 at 49. Although the ALJ discussed some of the medical evidence, she failed to explain *how* the medical evidence

---

[6] Similarly, in a 2018 adult function report that Plaintiff completed, she wrote that "someone else" drives her because of issues related to hearing and "stiffness/soreness" in her back and hand. ECF No. 18-1 at 259.

supported a finding that Plaintiff was not credible. For example, although the ALJ noted that there were "temporary" moments of improvement, Plaintiff continued to complain of worsening hearing loss to her medical providers. Plaintiff's testimony that she "could not hear in her right ear and would need the use of hearing aids" is consistent with the record and the ALJ's own summary of the record. *Id*. at 48–49; *see Garrison*, 759 F.3d at 1015. Therefore, because the ALJ's general discussion of the medical evidence did not explain how the medical evidence detracted from Plaintiff's credibility, the Court finds that the ALJ failed to provide a sufficient basis to find that Plaintiff's allegations were not entirely credible. *See Lambert*, 980 F.3d at 1278 ("Although the ALJ did provide a relatively detailed overview of [the claimant's] medical history, 'providing a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.'") (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (emphasis in original).

### 3. Plaintiff's inconsistent statements

The Commissioner argues that the ALJ properly discounted Plaintiff's symptom testimony because it was inconsistent with statements she made to her medical providers regarding her vertigo. ECF No. 21 at 17–18. However, the ALJ did not make this finding, and the Court is bound to affirm an ALJ's decision based only on a ground the ALJ invoked. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *see also Brown-Hunter*, 806 F.3d at 494.

### 4. Objective medical evidence

The ALJ also discounted Plaintiff's subjective symptom testimony based on inconsistencies with the objective medical record. Inconsistency with the medical record can provide a clear and convincing basis for discounting a claimant's symptoms, so long as it is not the sole basis for doing so. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Because the Court found that the ALJ's other reasons were not specific, clear, and convincing, this remaining reason cannot be a sufficient basis for discounting Plaintiff's symptom testimony. *See id.*

//

### 5. Whether the ALJ's error is harmless

Having found that the ALJ erred by not providing specific, clear, and convincing reasons to discount Plaintiff's subjective symptom testimony, the Court must next determine whether this error is harmless.

An error is harmless only if it is "inconsequential to the ultimate nondisability determination" and if the court "can confidently conclude that no reasonable ALJ, when [not making the same error] could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).

Here, because the ALJ did not provide enough "reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court cannot treat the error as harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014); *see also Brown-Hunter*, 806 F.3d at 494–95. Moreover, because another ALJ, crediting Plaintiff's symptom testimony, could have reached a different disability determination, this error was not harmless.

### B. Whether the RFC is supported by substantial evidence

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence. ECF No. 20 at 5–9. The RFC assessment is dependent, in part, on Plaintiff's subjective symptom testimony. *See* 20 C.F.R. § 404.1545(a)(3); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) ("[T]he ALJ must take 'the claimant's subjective experiences of pain' into account when determining the RFC.") (citations omitted). Because the Court found that the ALJ erred in discounting Plaintiff's subjective symptom testimony and that this error is not harmless, the ALJ, on remand, also must reconsider the RFC determination.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 20) is GRANTED consistent with this Order.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 21, 22) is DENIED.

**IT IS FURTHER ORDERED** that, on remand, the ALJ must provide specific, clear, and convincing reasons for discounting any portion(s) of Plaintiff's subjective symptom testimony.

**IT IS FURTHER ORDERED** that, on remand, the ALJ must reconsider Plaintiff's RFC assessment.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Plaintiff and close this case.

DATED: June 22, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE